**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20CV559  JMB |
| | ) | |
| TERI LAWSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff James Jackson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $35.65. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 5). The account statement shows an average monthly deposit of $178.27. The Court will therefore assess an initial partial filing fee of $35.65, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8ᵗʰ Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8ᵗʰ Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8ᵗʰ Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Warden Teri Lawson, Correctional Officer Uding, Correctional Officer Wells, Correctional Officer Jones, Sergeant Downing, and Captain Bradley as defendants. All defendants are sued in both their individual and official capacities. (Docket No. 1 at 2-3, 5).

In the Statement of Claim, plaintiff states that on March 9, 2020, he was in his cell with his cellmate. (Docket No. 1 at 3). Officers Uding, Wells, and Jones approached plaintiff's cell and told him and his cellmate to "cuff up." Plaintiff and his cellmate complied, and they were taken through the sally port to an area near the sergeant's office. Plaintiff was handcuffed to a bench, while his cellmate was taken into a room next to the office. After about five to ten minutes, plaintiff's cellmate came out "upset" and told plaintiff that "they [were] violating him [and] his rights."

3

At that point, plaintiff was taken into the room where his cellmate had just been. (Docket No. 1 at 4). Officer Uding and Officer Wells put him in "double cuffs" while Officer Jones observed. Then, Officer Uding and Officer Wells began undressing plaintiff while his hands were behind his back. Plaintiff alleges that as Officer Uding was removing his boxers, Uding "grabbed [plaintiff's] right [buttocks]." Plaintiff turned to Officer Uding and asked him "what type of games they [were] playing because [Officer Uding] had just violated [him]." Officer Wells told plaintiff to "shut up and face the wall," which plaintiff did.

Once Officer Uding and Officer Wells finished removing plaintiff's boxers, plaintiff states that Officer Uding "made an insulting comment." Specifically, plaintiff asserts that Officer Uding said "is that a string I see in your [buttocks]." Plaintiff became mad because plaintiff "knew it wasn't a string in [his buttocks]."

According to plaintiff, Officer Uding directed him to "squat and cough." When plaintiff complied, Officer Uding allegedly said "isn't [that] a nice view." Plaintiff claims that Officer Wells and Officer Jones laughed. Afterwards, they helped plaintiff put his clothes back on.

Plaintiff states that during the search, Sergeant Downing "was observing from the panel" the whole time. Sergeant Downing told plaintiff that plaintiff had been searched "due to Captain Bradley['s] orders." Plaintiff responded by telling Sergeant Downing that he feared for his life.

As a result of this search, plaintiff asks the Court to order that an inmate cannot be strip searched out-of-view of a camera. (Docket No. 1 at 7). He also seeks $250,000 in damages for the violation of his constitutional rights, as well as an additional $10,000 from each named defendant.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights were violated when he underwent a visual body cavity

4

search while a prisoner at the Farmington Correctional Center. For the reasons discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

### A.  Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, all defendants are alleged to be employed by the Missouri Department of Corrections, a department of the State of Missouri. As such, the official capacity claims against them are actually claims against the State of Missouri itself. In order to prevail, plaintiff must establish the State of Missouri's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075 (stating that to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct).

To the extent that plaintiff is seeking monetary damages, he has not stated a claim under 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§]

1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Because the State of Missouri is not a § 1983 person, plaintiff cannot prevail against it in a claim for money damages.

To the extent that plaintiff is seeking prospective injunctive relief, he has also failed to state a claim. Liability against a governmental entity may attach if a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the State of Missouri's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a [governmental entity] should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

"A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [governmental entity's] governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8ᵗʰ Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8ᵗʰ Cir. 2013).

Finally, plaintiff can assert a claim against a governmental entity by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8ᵗʰ Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8ᵗʰ Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8ᵗʰ Cir. 2003).

Here, plaintiff has not provided any allegations supporting the proposition that an unconstitutional policy or custom exists. That is, he does not mention any "policy statement,

ordinance, regulation, or decision officially adopted and promulgated by" the State of Missouri.

He also does not point to any widespread unconstitutional misconduct, much less establish that

policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To

the contrary, plaintiff's allegations detail only a single incident. However, the Court cannot infer

the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v.*

*City of Ballwin, Mo.*, 931 F.2d 24, 26 (8ᵗʰ Cir. 1991). Furthermore, plaintiff does not claim that his

constitutional rights were violated due to the State of Missouri's failure to train its employees.

Even if he had made such a claim, his facts do not demonstrate a "pattern of similar constitutional

violations by untrained employees." Because plaintiff has not shown that the State of Missouri is

liable due to an unconstitutional policy, custom, or failure to train, he cannot prevail against it on

a claim for prospective injunctive relief.

As noted above, plaintiff's official capacity claims against defendants are actually claims

against defendants' employer. In this case, the employer is the State of Missouri. Since plaintiff

has not stated a claim against the State of Missouri, the official capacity claims must be dismissed.

**B.  Individual Capacity Claim Against Warden Lawson**

Plaintiff's individual capacity claim against Warden Lawson must be dismissed. Vicarious

liability is inapplicable to § 1983 suits. *Marsh*, 902 F.3d at 754. As such, "[g]overnment officials

are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8ᵗʰ

Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional

violation only if he directly participated in the constitutional violation, or if his failure to train or

supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8ᵗʰ Cir.

2010). *See also Moore v. City of Desloge, Mo.*, 647 F.3d 841, 849 (8ᵗʰ Cir. 2011) (stating that in

order to maintain an action for training or supervisory liability, the plaintiff must show that the failure to train or supervise caused the injury).

In plaintiff's "Statement of Claim," there are no allegations whatsoever against Warden Lawson. Indeed, she is not mentioned at all in the complaint, except to be named as a defendant. Certainly, there is no indication that she directly participated in the search of which plaintiff complains. Furthermore, there are no factual allegations to support a failure to train or supervise claim. It appears that plaintiff is attempting to assert liability against Warden Lawson based on her position as warden of Farmington Correctional Center. As noted above, however, vicarious liability is not applicable in § 1983 suits. Moreover, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Therefore, the individual capacity claim against Warden Lawson must be dismissed.

### C. Fourth Amendment Claim

Plaintiff asserts that Officer Uding, Wells, and Jones conducted a visual body cavity search on him, that Sergeant Downing observed the search, and that Captain Bradley ordered the search. To the extent that plaintiff is alleging this search violated the Fourth Amendment, the claims against defendants must be dismissed.

"[A] convicted inmate has rights under the Fourth Amendment against unreasonable searches of his body." *Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015). Nevertheless, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Goff v. Nix*, 803 F.2d 858, 862 (8th Cir. 1986) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). In other words, a prisoner has a far lower expectation of privacy than most other individuals. *Id*. at 365.

9

To that end, visual body cavity searches on prison inmates are not per se unreasonable. *Id*. at 360, 371 (sustaining constitutionality of visual body cavity searches undertaken when prisoners moved outside their housing units or left the confines of the penitentiary). *See also Franklin v. Lockhart*, 883 F.2d 654, 656-57 (8th Cir. 1989) (stating that because legitimate security concerns provided justification, the twice-daily visual body cavity searches conducted by prison officials did not violate either the Fourth or Eighth Amendments). "Where there is no substantial evidence that the manner of the search is an exaggerated response to the perceived security concerns…wide-ranging deference [is given] to prison officials on matters concerning institutional security." *Franklin*, 883 F.2d at 657.

Here, plaintiff has not sufficiently alleged that his Fourth Amendment right against unreasonable searches was violated. As noted above, visual body cavity searches of prison inmates are not per se unreasonable, and plaintiff presents no facts to show that this particular search was wrongful. For instance, he has not alleged that the search was unwarranted; that it was done with an improper motive, such as retaliation; that it violated any policies; or that he has been searched in such a manner an undue number of times.

Plaintiff does assert that Officer Uding "grabbed" his buttock, but as plaintiff makes clear, this touching occurred while Officer Uding and Officer Wells were removing plaintiff's boxers to conduct the search. A third officer was in the room, while another was observing remotely. There is no indication that this touching was done for sexual gratification or that it was anything other than incidental to the removal of plaintiff's boxers while his own hands were cuffed. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (prisoner's allegations that guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to allege a Fourth Amendment violation withstanding

10

summary judgment). In short, plaintiff's allegations do not demonstrate a Fourth Amendment violation. Therefore, to the extent that plaintiff is asserting a Fourth Amendment claim against defendants, it must be dismissed.

### D.  Eighth Amendment Sexual Assault and Sexual Harassment Claims

Plaintiff alleges that Officer Uding grabbed his buttock while conducting a search, and later made an insulting comment. To the extent that plaintiff is alleging this constitutes a sexual assault or sexual harassment under the Eighth Amendment, the claim against Officer Uding must be dismissed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The amendment serves to protect those who are incarcerated from physical or sexual assault at the hands of correctional officers. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (stating that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries").

Here, plaintiff alleges that Officer Uding "grabbed" his buttock during the course of a search. However, as plaintiff acknowledges, this occurred during a visual body cavity search when his arms were restrained. More specifically, this touching occurred while Officer Uding and Officer Wells were removing plaintiff's boxers to conduct the search. A third officer was in the room, while another was observing remotely. There is no indication that this touching was done for sexual gratification or that it was anything other than incidental to the removal of plaintiff's boxers while his own hands were cuffed. In short, he has not sufficiently alleged that Officer Uding's actions amounted to a sexual assault. *See Williams v. Prudden*, 67 Fed. Appx. 976, 977 (8th Cir. 2003) (explaining that inmate sufficiently stated "an Eighth Amendment claim by alleging

11

that [defendant] ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her").

With regard to sexual harassment, a prisoner can bring a cause of action pursuant to § 1983 for sexual harassment by a correctional employee. *See Watson v. Jones*, 980 F.2d 1165, 1166 (8th Cir. 1992). Because sexual harassment or abuse of a prisoner by a correctional officer can never serve a legitimate penological purpose, such abuse can constitute the unnecessary and wanton infliction of pain. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). To prevail on a constitutional claim of sexual harassment, a prisoner must prove that, as an objective matter, the alleged abuse or harassment caused pain and, as a subjective matter, that the officer acted with a sufficiently culpable state of mind. *Id.* However, "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished opinion).

In this case, plaintiff states that along with allegedly grabbing his buttock, Officer Uding made insulting comments. In particular, plaintiff states that Officer Uding made a remark about seeing a string in plaintiff's buttocks. Later, after plaintiff was made to "squat and cough" as part of a visual body cavity search, Officer Uding purportedly said "isn't [that] a nice view." These comments do not adequately assert a sexual harassment claim.

With regard to the first statement, it is not entirely clear why plaintiff believes it to be improper, especially given the context in which Officer Uding was performing a visual body cavity search. That is, it appears that Officer Uding saw something and made a remark about it, which plaintiff admits made him mad.

The second statement, while perhaps inappropriate, was not accompanied by any contact or touching. There is no indication that Officer Uding said anything further, or had any other

12

physical contact with plaintiff. As such, plaintiff's allegations are insufficient to support a sexual harassment claim. *See Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (plaintiffs' allegations that female prison guard performed almost daily pat-down searches, tickled them, and fondled and rubbed their genital areas was sufficient to withstand summary judgment).

For the reasons discussed above, plaintiff has not stated an Eighth Amendment claim against Officer Uding.

### E. Eighth Amendment Failure to Intervene Claim

Plaintiff alleges that Officers Wells and Jones were physically present in the room when he was searched, while Sergeant Downing was observing from a remote location. To the extent that plaintiff is attempting to assert an Eighth Amendment failure to intervene claim against these defendants, the claim must be dismissed.

Under 42 U.S.C. § 1983, a correctional officer can be held liable for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner v. Hollins*, 983 F.2d 119, 121-22 (8th Cir. 1993) (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

As explained more fully above, plaintiff has not established that a constitutional violation occurred during his visual body cavity search. It therefore follows that Officer Wells, Officer

Jones, and Sergeant Downing cannot be liable for failing to intervene. Thus, this claim must be dismissed.

### F.  Preservice Dismissal

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss a complaint filed in forma pauperis any time it determines that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2). As discussed above, plaintiff's official capacity claims must be dismissed because he has not stated a claim against the State of Missouri, the entity employing defendants. The claim against Warden Lawson must be dismissed because there are no allegations against her showing that she was personally responsible for any action taken against plaintiff, or that she failed to train or supervise her employees.

Plaintiff's Fourth Amendment claim is insufficient, because there are no facts suggesting that the visual body cavity search was unreasonable. His Eighth Amendment claims regarding sexual assault and sexual harassment are insufficient, as the alleged contact plaintiff describes during the course of a search does not demonstrate that Officer Uding acted with the purpose of sexual gratification. To the contrary, it occurred during a search in which Officer Uding and Officer Wells were removing plaintiff's clothes, while plaintiff was in restraints, necessitating some contact. Moreover, Officer Uding's later sexually-tinged comment was not accompanied by any contact or touching. Finally, because plaintiff has not established that Officer Uding violated his constitutional rights, defendants Wells, Jones, and Downing cannot be liable for failing to intervene. Therefore, this action must be dismissed without prejudice for failure to state a claim.

### G.  Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $35.65 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of August,  2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE